UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CUSHMAN & WAKEFIELD U.S., INC.,

                Plaintiff,

-against-

MICHAEL SACLARIDES and DEVIN BRYAN,

                Defendants.

Case No. 24-cv-00913 (JLR)

~~[PROPOSED]~~ ORDER

JENNIFER L. ROCHON, United States District Judge:

      WHEREAS this matter has been opened to the Court by Kelley Drye & Warren LLP, attorneys for Cushman & Wakefield U.S., Inc. ("Cushman & Wakefield" or "Plaintiff") on Plaintiff's Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery ("Motion") on notice to Defendants Michael Saclarides ("Saclarides") and Devin Bryan ("Bryan" and, together, "Defendants") filed on February 8, 2024;

      WHEREAS Plaintiff filed a memorandum of law and declarations in support of the relief sought (ECF Nos. 8-13);

      WHEREAS the Court held a conference attended by counsel for Plaintiff and Defendants on February 8, 2024; and

      WHEREAS the parties have agreed to the following terms of preliminary injunctive relief under Federal Rules of Civil Procedure 65;

      IT IS ORDERED AND DECREED THAT:

1.    Defendants including, their agents, servants, employees, attorneys, and those persons in active concert or participation with them, are preliminarily restrained and enjoined from violating the terms of the Broker Agreements by:

a. Soliciting business from any Active Clients or Referral Sources (as each term is defined in the Broker Agreements and Policy incorporated by reference in the Broker Agreements, *see* ECF Nos. 9-1 & 9-2) that have existing or pending transactions or assignments with Cushman & Wakefield or any its affiliates or soliciting or encouraging such Active Clients to discontinue or reduce their existing or pending transactions or assignments with Cushman & Wakefield or reduce their consideration of Cushman & Wakefield for pending transactions or assignments, personally or as an employee, stockholder, director, investor, owner, consultant, manager, member, associate, partner, agent, independent contractor, or otherwise, or by means of any corporate or other device (it being understood that this restriction shall not prohibit Defendants' ability to accept or respond to unsolicited calls or contacts, including, accepting or responding to requests for proposals, requests for quotations, or other solicitation made by those individuals or entities referenced in this paragraph, provided that the term "unsolicited" shall not include any calls or contacts from individuals or entities from whom Defendants may have previously solicited business in violation of the Broker Agreements and Policy incorporated by reference in the Broker Agreements, *see* ECF Nos. 9-1 & 9-2);

b. Soliciting or encouraging any employee or independent contractor employed by Cushman & Wakefield to terminate their engagement/employment with Cushman & Wakefield;

      c.      Obtaining, accessing, using, possessing, retaining, transmitting, copying, or disclosing any Cushman & Wakefield confidential, proprietary, or trade secret information, including but not limited to financial, marketing, and business information, regardless of whether contained in a data storage device, data storage account, or otherwise, and specifically the Cushman & Wakefield files that Bryan copied to a USB from his Cushman & Wakefield laptop on December 29, 2023; and

      d.      Deleting, destroying, altering, or erasing any evidence relating to this action, including but not limited to any hard or electronic copies of any Cushman & Wakefield confidential, proprietary, or trade secret information Saclarides or Bryan copied, accessed, or took from Cushman & Wakefield, or any computers, data storage devices, or accounts used to access or retain such information.

2. Defendants shall within two (2) business days of the issuance of the Order return to Cushman & Wakefield all information, documents, and tangible things in their possession, custody, or control, whether in physical or digital format, including any and all copies thereof, that contain Cushman & Wakefield confidential, proprietary, or trade secret information, including specifically the USB device upon which Bryan copied Cushman & Wakefield files on December 29, 2023, which shall be subjected to a forensic inspection by an independent third party vendor to be engaged by counsel for Cushman & Wakefield.

3. Defendants shall within five (5) business days of the issuance of the Order, unless otherwise agreed by the parties, identify and provide access to an independent

third-party vendor all data storage devices, data storage accounts, email accounts, local drives, shared drives, phones, tablets, or other computer systems from which Saclarides or Bryan accessed or used Cushman & Wakefield confidential, proprietary, or trade secret information, so that the vendor may catalog any such information and otherwise preserve evidence for this litigation.

4. Saclarides and Bryan shall immediately (a) identify any person or entity to whom Saclarides or Bryan disclosed or provided any copy of all or any part of Cushman & Wakefield confidential, proprietary, or trade secret information; and (b) put them on notice not to use and to return to Cushman & Wakefield any such information.

5. This order amends and supersedes the order entered on February 8, 2024 (ECF No. 18).

Dated: February 12, 2024
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

4